**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YEYSON ALEXIS REYES MEJIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01684-JD |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Respondent Markwayne Mullin's Response [Doc. No. 6] to the

Court's Order to Show Cause [Doc. No. 4] following the Tenth Circuit's decision in

*Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).

While they reserve their appellate rights and note the petition for a writ of certiorari filed

in the U.S. Supreme Court on the legal issue presented over the application of 8 U.S.C.

§ 1226(a) and § 1225(b)(2)(A), Respondents concede that *Santillan Quiroz* controls the

merits of this action.

However, upon further consideration of the Petition, the Court notes that Petitioner

does not name her immediate custodian. The federal habeas statutes require the applicant

to identify the person who has physical custody over her. An application for a writ of

habeas corpus "shall allege . . . the name of the person who has custody over him." 28

U.S.C. § 2242. The writ, in turn, "shall be directed to the person having custody of the

person detained." 28 U.S.C. § 2243. Those provisions fix as the proper respondent "'the

person' with the ability to produce the prisoner's body before the habeas court," and

ordinarily this is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. § 2243).[1]

Consequently, the Court ORDERS Petitioner to file, **on or before August 13, 2026**, an amended petition naming her physical custodian as a respondent so that this habeas action may proceed. The amended petition should not differ in form from the instant Petition. Following Petitioner's compliance with this Order and the filing of a proper amended petition, and based on Respondent's Response, the Court will grant the petition in part and order Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of any subsequent order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. However, should Petitioner fail to file an amended petition by the deadline (**August 13, 2026**) correcting the deficiency noted, the Court will promptly enter judgment dismissing this action without prejudice to refiling.

IT IS SO ORDERED this 30th day of July 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] In *Padilla*, the petitioner named his immediate physical custodian, so that case did not contemplate a petition, like here, where no physical custodian was named at all, in direct contravention of the habeas statutes, which limit district courts to issuing "the writ only 'within their respective jurisdictions.'" *Id.* at 447–48 (quoting 28 U.S.C. § 2241).

2